This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**RAYMOND V. SANCHEZ,**

Worker-Appellee,

**v.**                                                                 **No. 35,155**

**INTEL CORPORATION,**

Employer-Appellant.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**David L. Skinner, Workers' Compensation Judge**

Dunn Law Offices
Ralph O. Dunn III
Rio Rancho, NM

for Appellee

Maestas & Suggett, P.C.
Paul Maestas
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

**{1}** Employer has appealed from an award of attorney fees. We previously issued a notice of proposed summary disposition in which we proposed to uphold the workers' compensation judge's (WCJ) determination. Employer has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** The issue on appeal concerns the application of the statutory fee-shifting provision. [DS 6; MIO 1-10] *See* NMSA 1978, § 52-1-54(F)(4) (2013) (providing that the worker may serve upon the employer an offer, and if the worker's offer was less than the amount ultimately awarded by the compensation order, the employer shall pay 100% of the attorney fees to be paid the worker's attorney).

**{3}** We do not understand there to be any dispute as to the operative facts and principles of law, as previously set forth in the notice of proposed summary disposition. We will avoid unnecessary reiteration here and focus instead on the content of the memorandum in opposition.

**{4}** Employer contends that Worker's offer of judgment should be regarded as higher than the amount he ultimately recovered, based on the absence of express language allowing for credits and/or offsets. [MIO 2-5] We disagree. As we previously observed, Worker's offer explicitly called for due application of NMSA 1978, Section 52-1-25.1 (2005). [CN 3; MIO 2] By its plain language, Section 52-1-

2

25.1 entails offsetting and crediting. As such, the statutory reference was sufficient to apprise Employer of its entitlement to the same.

{5}     Alternatively, Employer suggests that Worker's offer should be regarded as ambiguous, such that it does not supply an appropriate basis for application of the fee-shifting provision. [MIO 5-9] *See Leonard v. Payday Prof'l*, 2007-NMCA-128, ¶ 26, 142 N.M. 605, 168 P.3d 177 (observing that, where critical issues are unresolved, the offer does not supply an appropriate basis for fee shifting). Once again, we disagree. As previously stated, insofar as Section 52-1-25.1 clearly and specifically addresses crediting and offsetting and insofar as Worker's offer unequivocally called for application of Section 52-1-25.1 without any stated limitation, Worker's offer unambiguously allowed for crediting and offsetting. *See generally Abeyta v. Bumper to Bumper Auto Salvage*, 2005-NMCA-087, ¶ 10, 137 N.M. 800, 115 P.3d 816 (observing that, in *Abeyta*'s context, an offer is unambiguous if it is "clear as to [the w]orker's meaning and intent"). We perceive no need for greater specificity by reference to individual statutory sub-sections or otherwise.

{6}     Finally, we understand Employer to contend that the portion of the fee order that refers to Section 52-1-25.1 creates some ambiguity relative to offsetting and crediting as previously allowed under the compensation order. [MIO 7-8] However, it seems apparent that the WCJ's reference to Section 52-1-25.1 in the fee order was

intended to clarify the basis for Employer's entitlement to offsetting and crediting as previously implied in the compensation order, which further clarified the basis for the attorney fee award. [RP 220-21] We therefore remain unpersuaded.

{7}     Accordingly, for the reasons stated in our notice of proposed summary disposition and in this Opinion, we affirm.

{8}     **IT IS SO ORDERED.**


_____
                                        **JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**LINDA M. VANZI, Judge**

4